JOSEPH D. LEACH *vs.* JOHN W. DRESSER & others.

Hancock. Opinion January 29, 1879.

*Patent. Patentee. Improvement,—sale of.*

A patent for an improvement of a machine already patented, gives to the latter patentee no rights to use the invention of the former patentee.

Hence, a conveyance by deed of all the right, title and interest of and to the improvement, conveys no interest in the original patent.

ON REPORT.

ASSUMPSIT. Writ dated July 20, 1875. Declaration and cause of action are sufficiently recited in the opinion. Plea, general issue.

The deed of the patent, referred to in plaintiff's declaration and in the opinion, which otherwise sufficiently states all the facts, is as follows:

"United States of America. Know all men by these presents. [U. S. rev. stamp, 5 cents.] Whereas, I, Joseph D. Leach, of Penobscot, in the state of Maine, have invented certain improvements in Navigator's Bearing Indicator, and have applied for and obtained letters patent, of the United States of America, therefor, which letters patent bear date April 26th, 1870, and are numbered 102,281. And, whereas, F. D. Harriman and H. Harriman, of Stockton, and S. K. Whiting, S. S. Warner, S. K. Devereux and J. W. Dresser, of Castine, all of the state of Maine, are desirous of acquiring one-half of all the right, title and interest which I have in said invention and letters patent.

"Now this indenture witnesseth, That, for and in consideration of the sum of six thousand dollars to me in hand paid, the receipt of which is hereby acknowledged, I have assigned, sold and set over and do hereby assign, sell and set over unto the said F. D. Harriman, H. Harriman, S. K. Whiting, S. S. Warner, S. K. Devereux and J. W. Dresser, one half of all the right, title and interest which I now have, and which I acquired in said invention by the grant of said letters patent, hereby also conveying one-half interest in said letters patent, and I hereby convenant and agree to and with said grantees that I have conveyed no part of the grant herein

made, to any person or persons whatsoever, the same to be held and enjoyed by the said Harrimans, Whiting, Warner, Devereux and Dresser, and their legal representatives, to the full extent and manner, and for the full end of the term for which said letters patent have been granted, as fully and entirely as the same would have been held and enjoyed by me had this assignment and sale never been made. The above granted and conveyed interest being the same which was conveyed by said Leach to said grantees as above named, by a deed which has been lost or stolen, in transmittal to the patent office for record, and said previous deed is hereby, by mutual consent of all parties, cancelled, annulled and made of no effect, and this deed conveys to said grantees the half interest which was intended to be conveyed to them by said lost or stolen deed, and leaves said Leach the owner of half interest in said invention and letters patent, the same as if but one deed had been executed.

"In testimony whereof I hereunto set my hand and affix my seal this twenty-ninth day of August, A. D. 1870. Signed, sealed and delivered in presence of James Leach. J. D. Leach, [L. S.]

This deed was duly recorded.

*E. Hale & L. A. Emery*, for the plaintiff.

*C. J. Abbott and Wiswell & Wiswell*, for the defendants.

VIRGIN, J. Having invented a Navigator's Bearing Indicator, and applied for a patent therefor, the plaintiff, by his deed of April 13, 1869, duly recorded in the patent office, assigned his right to himself, Sabin Hutchins and Sewell Leach, to whom, on July 6, 1869, letters patent were duly issued. Moreover, the plaintiff subsequently invented an improvement in the original invention, and on April 26, 1870, letters patent of that date, No. 102,281, were issued to him alone for "Improvement in Navigator's Indicator."

Soon afterwards, the plaintiff and Hutchins began to negotiate for a sale of one-half interest in the patent to the defendants. One bargain was "thrown up" because of some misunderstanding as to some of its terms. Subsequently the terms of a sale were agreed upon by the parties, which the plaintiff claims he

has performed so far as he is concerned, and now seeks to recover payment of the defendants in accordance with their alleged stipulations. The defendants deny both the terms as claimed by the plaintiff and also performance on his part.

The declaration contains four counts on the special contract. The first alleging, in substance, that, in consideration that the plaintiff would assign to the defendants one-half interest in the " patent right of a certain invention called a Patent Bearing Indicator, patented under the laws of the U. S., the defendants then and there promised to pay the plaintiff $3,500 ; " and that he did thereupon assign one-half of said patent to the defendants, who received and accepted the same in full of his promise, but that they refused to pay as they agreed. The three other counts set out the same special promise with performance on the part of the plaintiff, but with a promise of a different amount and mode of payment, together with a refusal of performance, on the part of the defendants.

To sustain these counts, the plaintiff and Hutchins testified, in substance, that one-half of the whole patent, including the original and improvement, was to be assigned to the six defendants ; and, in consideration of such assignment, the defendants were to pay $1500 cash down and $2000 in notes, in manner following : The Harrimans, instead of paying their share ($500) of the cash, were to be allowed that sum for their personal services in introducing the machine to the public ; $1000 to be paid in cash by the remaining four defendants on delivery of the assignment; and the six defendants to give their note for $2000, to be deposited with the treasurer of the company to the credit of the owners of the other half; that $500 were paid before the delivery of the deed ; that a deed, executed by the plaintiff on August 29, 1870, was delivered to the defendant Dresser, who acted as agent of all his co-defendants ; that the defendants have refused to pay the remainder of the cash or deliver the $2000 note ; and that the Harrimans have never rendered their personal services stipulated and for which they were to be allowed $500.

But on examination of the deed of assignment, it does not assign one-half of the whole patent, nor does it purport to do so.

On the contrary, the assignment is expressly limited to one-half of Dresser's right, title and interest in the "Improvement in Navigator's Bearing Indicator," secured by "letters patent bearing date April 26, 1870, and numbered 102,281."

This was all of the patent improvement which the plaintiff was bound to assign. He was the sole inventor, had never before assigned (as he covenants in this deed) to any other persons, and could alone assign it by his sole deed. But this deed did not assign one-half of the whole patent, including the original and improvement. For a patent for an improvement of a machine already patented gives to the latter patentee no right to use the invention of the former patentee—the original invention— without his license. *Foss* v. *Herbert*, 2 Fish. Pat. Cas. 31. *Goodyear Dent. Vul. Co.* v. *Evans*, 3 Fish. Pat. Cas. 390. Curt. Pat. § 24, and notes. The plaintiff could not assign one-half of the original patent, without which the improvement would be of no avail to the defendants, for he owned but one third, originally, being one of three joint patentees, and they had sold parts of that to numerous persons in Penobscot prior to this attempted sale to the defendants. And there is no pretense that any deed of any portion of the original patent was ever executed by any of its owners to the defendants.

It is said, however, that the plaintiff's deed of the improvement alone was accepted by the defendants in full performance of the plaintiff's part of the contract of sale. And *Foss* v. *Richardson*, 15 Gray, 303, is cited as an authority to sustain the legal position. While we do not question the law laid down there, the testimony does not satisfy us that the plaintiff's deed was accepted by the defendants. The fact is the contract was never fully completed. The minds of the parties never met upon the same proposition. They were never all together except once, and then the contract of sale was not completed. But taking it for granted that a sale was completed, the plaintiff has failed to show that he has complied with its terms. If there were any doubt in relation to this point, we are of the opinion that the plaintiff could not succeed in this action for want of other plaintiffs.

*Judgment for defendants.*

APPLETON, C. J., DICKERSON, DANFORTH, PETERS and LIBBEY, JJ., concurred.